FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

98 JUL -6 PM 3: 41

U.S. DISTRICT COURT
N.D. OF ALABAMA

RAMONA GARTMAN,           )
                          )
        Plaintiff,        )
                          )
vs.                       )        CV 97-PT-2117-M
                          )
MINACT, INC.,             )              ENTERED
                          )
        Defendant.        )           JUL  '6 1998
                          )

## Memorandum Opinion

This cause comes on to be heard on a Motion for Reconsideration filed on March 16, 1998.  In her motion, the plaintiff, Ramona Gartman ("Gartman"), complains that although she failed to respond to the defendant's earlier motion for summary judgment, her case should not be dismissed because she can demonstrate that a reasonable trier of fact could determine that she was discriminated against in violation of 42 U.S.C. §§ 1981a & 2000e, et seq.  She also claims race discrimination in violation of 42 U.S.C. § 1981. The defendant, MINACT, Inc. ("MINACT") responds that dismissal of the case was appropriate.

Where the relief sought in plaintiff's motion for reconsideration is "the setting aside of the grant of summary judgment, denial of the defendant's motion for summary judgment, and trial on the merits of the case," the motion is "properly characterized as a Rule 59(e) motion to alter or amend the judgment. . . ." Mays v. United States Postal Service, 122 F.3d 43, 46 (11th Cir. 1997).  The plaintiff claims that she did not receive notice that she was to respond to the defendant's motion for summary judgment.  In addition, she contends that her lack of experience with the court system and her misunderstanding of the requirement that she respond lulled her into a false sense of complacency about the status of her case.

In Griffith v. Wainwright, 722 F.2d 822, 825 (11th Cir. 1985), the Eleventh Circuit Court of

Appeals stated that "an adverse party must be given express, ten-day notice of the summary judgment rules, of his right to file affidavits or other material in opposition to the motion, and of the consequences of default." This court's scheduling order, filed February 5, 1998, complied with Griffith's requirements. Prior to its amendment, mailing of an order by the clerk was sufficient to constitute notice of the order by the party to whom the order was addressed under Federal Rule of Civil Procedure 77(d).  See Dunlap v. TransAmerica Accidental Life Ins. Co., 858 F.2d 629, 632-33 (11th Cir. 1988).  In 1991, Rule 77 was amended, removing this presumption of notice.  The court will not deny the right to respond on the basis of Mays.

On a motion for summary judgment, the court must assess the proof to ascertain whether there is a genuine need for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is appropriate only if this court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A party seeking summary judgment bears the initial responsibility of informing this court of the grounds for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it believes demonstrate the absence of a genuine issue of material fact.  Id. at 323.  Once the moving party has met this burden, the nonmoving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial."  Howard v. BP Oil Company, 32 F.3d 520, 523 (11th Cir. 1994).  Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the depositions, answers to interrogatories, and admissions on file designate specific facts showing there exist genuine issues for trial. Celotex, 477 U.S. at 324; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988).  The court may consider the offered "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any..." in deciding whether to grant or deny a summary judgment motion. FED. R. CIV. P. 56(c).  In resolving whether a given factual dispute requires submission to a jury, the court must view the presented evidence through the looking glass of the substantive evidentiary burden. Anderson, 477 U.S. at 254-55.  The court, however, must avoid weighing conflicting evidence for probity or making credibility determinations.  Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992).  "It is not part of the court's function, when deciding a motion for summary judgment, to decide issues of material fact, but rather decide whether such issues exist to be tried.  The Court must avoid weighing conflicting evidence or making credibility determinations."  Hairston v. Gainesville Sun Publishing Co., 9 F.3d 913, 919

(11th Cir. 1993). However, incomplete or anecdotal evidence will not aid the non-movant in demonstrating a genuine issue of material fact. "The nonmoving party must provide more than a mere scintilla of evidence to survive a motion for judgment as a matter of law; 'there must be a substantial conflict in evidence to support a jury question.'" Tidwell v. Carter Products, --- F.3d ---, 1998 WL 80143 at *3 (citing Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir.1989)).

 In light of the above, this court must canvass the evidence to resolve the existence of a genuine issue of material fact.

## FACTS

 The plaintiff, Ramona Gartman, filed a charge of discrimination with the Equal Employment Opportunity Commission on July 7, 1996. In October of 1996, the plaintiff filed for bankruptcy under Chapter 7 of the Bankruptcy Code and her debts were discharged in December of the same year. The plaintiff failed to disclose her EEOC charge during the bankruptcy proceedings and the existence of her bankruptcy action was only revealed to the defendant during her deposition. On April 2, 1997, the plaintiff obtained her Right to Sue letter from the EEOC and commenced an action in the Circuit Court of Etowah County on July 2, 1997.

## CONTENTIONS & ANALYSIS

 The law creates many pitfalls for the unwary and, for this reason, most individuals are advised to obtain representation in any legal proceeding. The plaintiff's case is an example. The defendant contends that the plaintiff's action under Title VII and under § 1981 are assets of the bankruptcy estate and that, therefore, the plaintiff has no standing on which to assert her claims. The defendant notes that petitioner failed to list her Title VII claim(s) embodied in the EEOC charge and her § 1981 claim(s) in her Statement of Financial Affairs and Schedules of Assets and Liabilities pursuant to 11 U.S.C. § 521(c). As a consequence, contends the defendant, the plaintiff is judicially estopped from raising her discrimination claims . The plaintiff responds that, at the time of her bankruptcy action, her claims were merely part of the EEOC "grievance process" and, as such, she had no claim at the time of the bankruptcy action. Even if she had a claim that she could pursue at the time of the action, the plaintiff states that she did not realize that the claims constituted at action that required disclosure under § 521(c). Further, she states, she was forced

into bankruptcy by her employer's discrimination and her employer should not be permitted to benefit from her mishap.

Section 541(a)(1) of the Bankruptcy Code, Title 11 of the United States Code, states:

> The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>> all legal or equitable interests of the debtor in property as of the commencement of the case.

The Supreme Court, in United States v. Whiting Pools, 462 U.S. 198, 204 (1983), explained that "Congress intended a broad range of property to be included in the estate," stating:

> The statutory language reflects this view of the scope of the estate. As noted above, 541(a) provides that the "estate is comprised of all the following property, wherever located: ... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The House and Senate Reports on the Bankruptcy Code indicate that § 541(a)(1)'s scope is broad. Most important, in the context of this case, § 541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code. See H.R. Rep. No. 95-595, p. 367 (1977). Several of these provisions bring into the estate property in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced.

"The scope of § 541(a)(1) is broad, and includes property of all types, tangible and intangible, as well as causes of actions." Meehan v. Wallace, 102 F.3d 1209, 1210 (11th Cir. 1997). This includes causes of actions accrued by not filed by the debtor at the time of bankruptcy. Venn v. St. Paul Fire & Marine Ins. Co, 99 F.3d 1058, 1064 n.10 (11th Cir. 1996). See Jones v. Harrell, 858 F.2d 667, 669 (11th Cir. 1988) (holding that injured's personal injury claim was property of the estate although injured had filed no action at the commencement of the bankruptcy case).

The court has no problem concluding that the plaintiff has no standing to assert her § 1981 claim(s), which accrued, at the latest, when she was terminated on March 15, 1996. The trustee succeeded to the plaintiff's § 1981 claims on the date the petition was filed and the plaintiff lost the right to individually enforce these claims. Jones v. Harrell, 858 F.2d at 669 .

The more difficult question arises with respect to the plaintiff's Title VII claims. A precondition to her bringing her Title VII claim is her filing a charge with the EEOC. She is not entitled to sue until a Right to Sue letter is issued to her by the EEOC. At the same time, the plaintiff will, irrespective of her authority to sue when she chooses, receive either a settlement of her grievance or a Right to Sue letter. Any recovery would be contingent on plaintiff's having been discriminated against during her employment. The grounds for the discrimination action under Title VII accrued at the termination; filing of a charge was only a precursor to the plaintiff's receiving any redress.

This having been said, the court is loathe to dismiss the claim out of hand because the wrong party in interest has brought the present discrimination action. Rule 17 of the Federal Rules of Civil Procedure requires the court to allow a reasonable period for the proper party in interest, in this case, the trustee of the bankruptcy estate, to be substituted into the present suit. Another possible avenue is for the bankruptcy court to allow the trustee to abandon the claim.

CONCLUSION

The plaintiff will be given thirty (30) days to allow for the trustee to enter the case or abandon the claim.

This _____ day of June, 1998.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE